CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 2 5 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

MICHELENE RICHARDS,

    *Plaintiff,*

v.

WAL-MART STORES EAST, L.P.,
*Trading and Doing Business as Wal-Mart Supercenter Store #1350,*

WAL-MART REAL ESTATE BUSINESS TRUST,

    *Defendants.*

CIVIL NO. 6:07CV00024

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    This matter is before the Court on Defendants' Motion for Summary Judgment (docket #13). Because no reasonable jury could find that the alleged defect in Defendants' parking lot was not open and obvious, and that therefore, Defendants had no duty to warn and Plaintiff was contributorily negligent as a matter of law, I will grant the motion and enter judgment in favor of Defendants in an Order to follow.

## BACKGROUND

    In this diversity case, Plaintiff seeks compensation for injuries allegedly caused by Defendants' negligence. Plaintiff was injured on or about the evening of July 18, 2005 in the parking lot of a Wal-Mart store in Lynchburg, Virginia. As Plaintiff and her husband were walking through the parking lot to their vehicle after completing their business in the store, Plaintiff unwittingly stepped into a small depression in the asphalt described by Plaintiff as an "unmarked recessed manhole cover" (Compl. ¶ 6) and by Defendants as a "water meter cover"

(Def.'s Mem. 2). This circular depression was described as being between four and eight inches wide and between one-fourth and one inch deep. Upon stepping into it, Plaintiff's left foot was immediately wedged in tightly, and she tripped. As she pitched forward with her foot trapped in the depression, the bone in her ankle broke. Plaintiff's recovery from this injury involved not only long-lasting pain, but also two surgeries and approximately one year of physical therapy.

Plaintiff filed suit in the Virginia Circuit Court for the City of Lynchburg, alleging that Defendants "negligently allowed an unmarked recessed manhole cover to exist on [the] premises in an area where the public was invited, although the defendants . . . knew, or in the exercise of reasonable care should have known, that said unsafe condition existed." (Compl. ¶ 6.) In August 2007, Defendants removed the case to this Court, invoking the Court's diversity jurisdiction. On March 21, 2008, Defendants moved for summary judgment, and an expedited hearing was held on April 2, 2008.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Furthermore, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. Summary judgment

under Rule 56 is appropriate only when the court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party, determines that the Rule 56(c) standard has been met. *See, e.g., id.* at 248–50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir.1999).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' … an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

A court should grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Indeed, the nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001). The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 317).

## DISCUSSION

The parties agree that Virginia law governs the substantive aspects of Plaintiff's claim. Under Virginia law, there is no question that business owners have a duty to warn invitees of

hidden defects on their premises of which the owners have knowledge; however, they have no such duty to warn of defects that are "open and obvious to a person using ordinary care for his own safety." *S. Floors & Acoustics, Inc. v. Max-Yeboah*, 594 S.E.2d 908, 912 (Va. 2004); *see also Roll 'R' Way Rinks, Inc. v. Smith*, 237 S.E.2d 157, 161 (Va. 1977). Furthermore, if a plaintiff's own negligence "contributes to the mishap, it bars recovery." *Fein v. Wade*, 61 S.E.2d 29, 32 (Va. 1950). A plaintiff is contributorily negligent as a matter of law when "the defect was open and obvious and, by the exercise of ordinary care, could have and should have been seen." *Town of Hillsville v. Nester*, 205 S.E.2d 398, 399 (Va. 1974) (citing *City of S. Norfolk v. Dail*, 47 S.E.2d 405 (Va. 1948), *City of Staunton v. Kerr*, 168 S.E. 326 (Va. 1933)).

I will assume without deciding that the depression in the asphalt of Defendants' parking lot constitutes a defective condition and that this defect was a proximate cause of Plaintiff's injury. Thus, it remains to be determined whether Defendants had a duty to warn of the defect and whether Plaintiff was contributorily negligent. Both of these issues can be resolved by answering a single question: Was the defect open and obvious? I find that it was, and that no reasonable jury could find otherwise.

As the photographs in the record make clear (*see* Def.'s Mem., Exs. 3–4), there can be little question that when viewed in daylight, the depression in Defendants' parking lot is open and obvious. *See generally Rocky Mount Ctr. Ass'n v. Steagall*, 369 S.E.2d 193 (Va. 1988); *Nester*, 205 S.E.2d 398; *Town of Va. Beach v. Starr*, 72 S.E.2d 239 (Va. 1952); *Dail*, 47 S.E.2d 405). Indeed, Plaintiff does not seriously dispute that the depression was open and obvious in the daytime; rather, Plaintiff's arguments against summary judgment focus almost exclusively on the fact that, unlike the injuries in the cases cited by Defendants, Plaintiff's injury occurred at night. (*See* Pl.'s Mem. 4–5, 7–9.) Whether an injury occurs, however, during the daytime or at

night is not dispositive of the issue. *See, e.g., Schlossberg v. Brugh*, 187 S.E. 487, 489–91 (Va. 1936) (finding a defect in a sidewalk to be open and obvious when it was plainly visible at night, even though it was raining and the street lights were off); *City of Portsmouth v. Lee*, 71 S.E. 630, 634 (Va. 1911) (finding a hose stretched across a cross-walk to be open and obvious at night). Rather, the issue is only whether the depression, "by the exercise of ordinary care, could have and should have been seen." *Nester*, 205 S.E.2d at 399.

Incredibly, Plaintiff asserts that "[t]he only evidence in the case is that the defect could not be observed at night due to its size, shape, color, and the lighting," and that "[t]here is no evidence that any person, viewing this depression at night, had been able to note the defect." (Pl.'s Mem. 7.) To the contrary, "[t]he only evidence in this case," none of which was introduced by Plaintiff,[1] clearly shows the precise opposite: the depression *could* be seen at night and in fact *was* seen on the night of the accident by several witnesses, including Plaintiff. (*See, e.g.*, M. Richards Dep. 35:18–36:7, 37:15–20, 43:2–12; A. Richards Dep. 27:19–23, 43:14–23.) True, there is no evidence that Plaintiff, or anyone else, saw the depression *before* Plaintiff fell, but that hardly means that it "could not be observed," nor is it dispositive of the ultimate issue. Instead, the evidence before the Court clearly establishes that if Plaintiff had exercised ordinary care, as that standard has been applied by the Virginia Supreme Court, Plaintiff could have and should have seen the depression prior to stepping into it.

---

[1] Plaintiff's failure to introduce any evidence is notable because "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). At the hearing on Defendants' motion, Plaintiff did provide the Court with copies of two photographs, but they were not offered or admitted into evidence. Plaintiff's counsel also referred repeatedly to what "the evidence will show at trial." Yet, as Rule 56(e)(2) makes clear, the question at this stage of the proceedings is not, "What might the evidence be at trial?" but rather, "What is the evidence before the Court now?" *See, e.g., Madeirense do Brasil S/A v. Stulman-Emrick Lumber Co.*, 147 F.2d 399, 405 (2d Cir. 1945) ("[T]he ruling is to be made on the record the parties have actually presented, not on one potentially possible."); 10B Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 2739 (3d ed. 2004) ("[C]ases long before, as well as after, the addition of [Rule 56(e)(2)], have held that the party opposing the summary-judgment motion does not have the right to withhold evidence until trial; nor can the opposing party demand a trial because of the speculative possibility that a material issue of fact may appear at that time.")

First, although the accident occurred at night, Plaintiff and her husband agree that the weather was clear and the pavement was dry. (M. Richards Dep. 19:12–18; A. Richards Dep. 16:14–17:1.) Moreover, the parking lot must have been well-lit because both Plaintiff and her husband are unequivocal in their deposition testimony that they had no difficulty seeing where they were going. (M. Richards Dep. 31:23–32:3; A. Richards Dep. 32:11–17.) They further agree that the depression was not hidden in any way and that there was nothing obstructing their view of it. (M. Richards Dep. 35:7–11, 41:4–15; A. Richards Dep. 43:18–23.) Effectively, the depression was "in the middle of the road." (M. Richards Dep. 41:11–15.)

Taken together with the photographs and the fact that the depression was readily apparent to Plaintiff and others after the accident, the undisputed facts are such that no reasonable jury could find that a person who was "maintaining a lookout commensurate with the circumstances" could not and should not have seen the depression in the asphalt prior to stepping into it.[2] *Nester*, 205 S.E.2d at 400. Accordingly, the defect in Defendants' parking lot that caused Plaintiff's injuries was open and obvious.

> When a plaintiff is injured by an open and obvious defect, it is his burden "to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it . . . . When they do not exist the law charges the party with failure to do what was required of him." However, "more is needed than a simple allegation of a distraction to create a jury issue. It [is] necessary for [the] plaintiff to establish that his excuse for inattention was reasonable, i.e., that the distraction was unexpected and substantial."

*Max-Yeboah*, 594 S.E.2d at 910 (alterations in original) (citations omitted). Plaintiff has not offered, and I do not discern in the record, any evidence that would satisfy Plaintiff's burden in

---

[2] Indeed, Plaintiff was not watching the pavement in front of her, but was instead looking toward her husband, who was seven or eight feet ahead, and their car beyond. (M. Richards Dep. 35:3–6.) Certainly, it is by no means uncommon for a person who is walking along the pavement to be looking toward the person whom she is following or toward her destination. Virginia law is quite clear, however, that the duty of "ordinary care," which must be satisfied to avoid contributory negligence, requires a greater degree of attention. *See, e.g., Steagall*, 369 S.E.2d at 194; *Nester*, 205 S.E.2d at 399–400; *Starr*, 72 S.E.2d at 240; *Dail*, 47 S.E.2d at 409; *Schlossberg*, 187 S.E. at 489.

this regard. Therefore, Defendants had no duty to warn Plaintiff of the defective condition, and Plaintiff was contributorily negligent as a matter of law.

## CONCLUSION

Because Defendants had no duty to warn of the open and obvious defect, and because Plaintiff was contributorily negligent as a matter of law, Plaintiff cannot recover from Defendants for her injuries. Accordingly, I will grant Defendants' Motion for Summary Judgment and enter judgment in their favor in an Order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 25th day of April, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE